**Roger DUNN**

v.

**BALTIMORE COUNTY BOARD OF EDUCATION, et al.**

**No. Civ.S96-1563.**

United States District Court, D. Maryland.

Feb. 9, 2000.

---

Howard J. Needle, Montague and Frank, P.C., Owings Mills, Md, for Roger Dunn, plaintiff.

Leslie R. Stellman, Blum, Yumkas, Mailman, Gutman & Denick, P.A., Baltimore, Md, Thomas Augustus Bowden, Law Office, Baltimore, Md, for Board of Education of Baltimore County, Stuart Berger, Phillip Rivera, Morton Greenberg, Anthony Marchione, defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge.

The defendants in this removed case, which asserted claims under the Age Discrimination in Employment Act (ADEA) and various state-law based claims, have moved to dismiss on the basis of the recent decision in *Kimel v. Florida Board of Regents*, —— U.S. ——, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), claiming that the *Kimel* decision establishes the Eleventh Amendment immunity of the Baltimore County Board of Education, an agency of the State of Maryland, from ADEA suit in this Court. The defendants, thus, seek dismissal of the ADEA claim on the ground of immunity and dismissal of the remaining claims on the ground of lack of federal subject-matter jurisdiction.

The plaintiff essentially does not contest the applicability of *Kimel*, but asks that the case be remanded as to the remaining claims rather than having them dismissed.

The first appropriate step here is obviously to dismiss the federal claim, which the Court will do. The next step is to decide what to do with the remaining, non-federal claims.

If this case had been filed originally in this Court, the Court would dismiss the non-federal claims for lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1367(3). The plaintiff would, thereafter, not have any difficulty reinstituting the suit in a Maryland state court on the state-law claims, because they are spared from limitations under MD.CODE ANN., RULE 2–101(b) (2000), which allows suit to be instituted within 30 days of jurisdictional dismissals without regard to limitations, if the case was initially timely filed in a court of *another* state or in a federal court. That Rule, thus, would appear not to save claims that were originally filed in a Maryland court, but removed to this Court.

Thus, the appropriate measure here is to remand the case pursuant to 28 U.S.C. § 1447(c), which allows remand if, at any time, the Court finds it lacks subject matter jurisdiction. Here, there is no diversity of citizenship, and this Court's original and removal jurisdiction both stemmed from a claim barred by the Eleventh Amendment. There is persuasive authority that a claim barred by the Eleventh Amendment is one over which the federal court has no jurisdiction, and that state-law based claims supplemental thereto must be remanded, rather than dismissed, after an Eleventh Amendment dismissal of the only "federal" claim in suit. *Smith v. Wisconsin Dept. of Agriculture*, 23 F.3d 1134, 1138–40 (7th Cir.1994).

Therefore, an order will be entered separately, dismissing plaintiff's ADEA claim, and remanding his remaining claims to the Circuit Court of Maryland for Baltimore County.